DEWITT MILLER V. THE STATE.

No. 23913. Delivered February 11, 1948.
Rehearing Denied March 31, 1948.

*Gib Callaway*, of Brownwood, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful sale of intoxicating liquor in a dry area and by the jury fined $300.00 and sentenced to 90 days in jail.

Bill of Exception No. 1 relates to the questions propounded to Otis Shaw, Sheriff of Brown County, by the County Attorney, as follows:

"Q. Mr. Shaw, do you know the defendant, DeWitt Miller?
A. I do.
"Q. Have you ever seen him in Bill Hodge's place?
"Mr. Callaway: We object to that as being immaterial.

"Mr. Morris: Your Honor, we are going into this as to whether he was out there operating that place.

"Mr. Callaway: We object to that as being immaterial to any issue in this case; it might be prejudicial and injurious.

"COURT: Objection overruled.

"Q. Did you have occasion to see him there several times? A. I have.

"Q. Did you ever talk to him at that place? A. I arrested him there one time.

"Mr. Callaway: We make the additional objection to that question and answer as being prejudicial, highly inflammatory and not a matter the State had any right to go into.

"Q. On the case in question here, Mr .Shaw? A. *Note* this case.

"Mr. Callaway: We object to that question and answer, and ask the Court to instruct the jury not to consider them.

"COURT: Gentlemen of the jury, you will not consider the question asked by the County Attorney and answered by Mr. Shaw."

A careful reading of the above set forth proceedings will evidence the fact that the witness did not answer the question propounded to him by the County Attorney, but. himself volunteered the information that he arrested appellant at Bill Hodge's place. Under the circumstances the State's Attorney was not responsible for this uncalled for answer of the sheriff, and we think the trial court's withdrawal of such statement would cure any error committed by the witness. Evidently the jury would know that the sheriff had arrested appellant at least once, otherwise he would not have been present in court at this trial.

Bill of Exception No. 2 complains of the following question propounded to appellant while he was upon the witness stand:

"Q. Mr. Miller, have you ever been convicted of any felony in this county?

"Mr. Callaway: We object to that; we haven't placed this witness' character in evidence.

"COURT: Objection sustained.

"Mr. Callaway: We want to reserve our objection to the question being asked by counsel for the State as being an attempt to prejudice the jury against the defendant at a time when the defendant has not placed his reputation in evidnce. It is prejudicial, even though the objection was sustained by the Court; the injury cannot be corrected.

"Mr. Morris: I will ask the Court to instruct the jury not to consider that.

"COURT: Gentlemen of the jury, you will not consider the question asked by the County Attorney.

"Q. Have you been in jail recently, Mr. Miller?

"Mr. Callaway: We certainly object to that.

"COURT: I sustain the objection.

"Mr. Callaway: We further want our objection still to go to the fact that the prosecutor asked that question knowing that it was prejudicial and not admissible, and the fact that it was sustained by the court does not correct the error of the injury."

We think the first question propounded to appellant by the County Attorney was an admissible one; and if answered in the affirmative, it could have been utilized by the jury, if not too remote, if they so desired, relative to the credibility of the appellant's testimony. We do not think such question was of necessity an effort to attack appellant's reputation as a law-abiding citizen. In any event, the careful trial court instructed the jury to disregard the question, no answer thereto having been given.

The second question should not have been asked by the County Attorney. However, it was never answered, and the court promptly sustained an objection thereto. We think the bill is multifarious and relates to two separate and distinct matters; and again, we think if error at all, it was of such a slight import as not to call for a reversal hereof.

Appellant also claims that the trial court erred in his charge to the jury in that the court charged the jury as to an improper penalty for a violation of the law in a sale of whisky. It is his contention that the penalty for the sale of liquor in a dry area is a fine of not to exceed fifty dollars. We find ourselves unable to agree with this contention, and have written at length in our Cause No. 23,914, Clyde Shafer v. State, this day decided, (Page 558 of this volume), and refer to the opinion in that case as decisive of this matter relative to the punishment for an unlawful possession or sale of intoxicating liquor in a dry area.

Finding no error in the record, the judgment of the trial court will be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing is predicated upon the same

proposition as the motion in Cause No. 23,914, Clyde Shafer v. State. (Page 558 of this volume.)

The opinion on the motion for rehearing in Shafer's case sets out the reasons for overruling the motion, and the same reasons lead to a similar result in the instant case.

The motion for rehearing is overruled.